UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN P. ALIANO,       Plaintiff, | : : : | |
| v. | : : | Civ. Action No. 3:09-cv-2118 (SRU) |
| CITY OF HARTFORD, ET AL.,       Defendants. | : : | |

## ORDER OF REMAND

John Aliano commenced a civil action in Connecticut Superior Court against the City of Hartford and police officers William Diaz and Corey Clark, alleging violations of his civil rights under the United States and Connecticut constitutions.  On December 28, 2009, the defendants timely filed a notice of removal on the basis of federal question jurisdiction.  *See* 28 U.S.C. §§ 1441 and 1443.  On January 8, 2010, Aliano filed an objection to the removal petition (doc. # 7) and a motion to remand with an attached proposed amended complaint (doc. # 8).  He subsequently amended the complaint on January 14, 2010 (doc. # 10), removing all federal causes of actions to "properly reflect the allegations of the First, Second and Fifth counts."  *See* doc. 10.  On January 14, 2010, Aliano filed a substitute motion to remand (doc. # 12) and amended objection to removal (doc. # 11).  Defendants filed joint responses to the amended complaint, plaintiff's objections to removal, and the motions to remand.  *See* docs. ## 13, 14, and 15.  I have reviewed the pleadings, the motions to remand, the objections and the other documents filed by the parties to determine whether there is subject matter jurisdiction over this case.  For the following reasons, the substitute motion to remand is granted.

The party asserting federal jurisdiction bears the burden of demonstrating that the case is properly before the federal court.  *See McNutt v. General Motors Acceptance Corp.*, 298 U.S.

178, 189 (1936). In order for a defendant to remove a case to federal court, it must allege that the federal court has original jurisdiction over the matter. *See* 28 U.S.C. § 1441(b); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). There is no dispute that plaintiff's complaint, as filed in the Connecticut Superior Court, pled a federal cause of action under 42 U.S.C. § 1983; thus removal was proper. *See Collins v. Dartmouth Plan, Inc.*, 646 F. Supp. 244, 245 (D. Conn. 1986) ("It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."). At the time of removal, count one of the complaint alleged that officers Diaz and Clark had falsely arrested plaintiff, assaulted him and withheld medical treatment in violation of 42 U.S.C. § 1983, and count five alleged generally a violation of Aliano's "civil rights." The amended complaint, however, raises only state law claims of negligence, false arrest, failure to train, and violations of Conn. Gen. Stats. §§ 7-465 and 52-577n; thus no federal question is still pending. Accordingly, the only remaining basis for exercising jurisdiction over Aliano's claims is supplemental jurisdiction. *See* 28 U.S.C. § 1367.

Defendants object to the amended complaint and the amended motion to remand. They argue that plaintiff's sole purpose for amending the complaint was to defeat federal jurisdiction. Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that the court should "freely give leave [to amend] when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1963) ("In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant . . . the leave sought should, as the rules require, be 'freely given.'"). Although defendants are correct that Rule 15 does not permit plaintiff to amend his complaint after removal for the sole purpose of defeating federal jurisdiction, nothing in Rule 15

prohibits a plaintiff from amending his complaint to correct inarticulate wording and clarify his pleadings.  Even if Aliano had amended the complaint for the sole purpose of forum shopping and defeating federal jurisdiction, a finding the record does not support, the defendants have failed to demonstrate that remand under the circumstances would prejudice them in any manner.

The amended complaint was filed 18 days after removal, before the commencement of discovery and the filing of dispositive motions and defendants have failed to argue, let alone demonstrate, that remand is inappropriate or prejudicial under the circumstances.  In the absence of prejudice to the defendants, retention of jurisdiction over the case would be inappropriate.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988); *see also Valencia v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003) ("Thus, in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.").

In the absence of a claim arising under federal law, I decline to exercise supplemental jurisdiction over Aliano's claims, which arise solely under Connecticut law.  Accordingly, Aliano's substitute motion to remand **(doc. # 12)** is **GRANTED**; the initial motion to remand (doc. # 8) is denied as moot.  The case is remanded to the Connecticut Superior Court.  The clerk shall effect the remand and close this file.

It is so ordered.

Dated at Bridgeport this 8th day of July 2010.

                                             /s/ Stefan R. Underhill
                                            Stefan R. Underhill
                                            United States District Judge